UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------------X
FRANCIS VINITSKY,
       Plaintiff,

  -vs-

NATIONAL RAILROAD PASSENGER CORP.

       Defendant.

---------------------------------------------------------------------X

CIVIL ACTION NO:

## COMPLAINT

### COUNT I

1. The plaintiff is a resident of Boston, Massachusetts and brings this action against the defendant, National Railroad Passenger Corporation, a railroad corporation duly established by law, pursuant to the provisions of 45 U.S.C.A., Section 301, et seq., and having its principal office at 400 North Capital Street, N.W., Washington, D.C., and having a usual place of business in Boston, Massachusetts for injuries suffered by him while in the employ of the defendant. This action is brought by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C.A., Section 51, et seq.

2. During all the times herein mentioned, the defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between the said Boston, Massachusetts and Washington, D.C; and, at the time the plaintiff received the injuries complained of, both he and the defendant were engaged in interstate commerce, within the meaning of the said Federal Employers' Liability Act.

3. On or about, April 6, 2017 the plaintiff was employed as a sheet metal worker by the defendant and was engaged in his duties for Amtrak, in Boston, Massachusetts, which yard,

tracks, rails, engines, trains, cars and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant, and as a result of the negligence of the defendant, its agents, servants or employees, the plaintiff was injured.

4. On or about, April 6, 2017 the plaintiff injured his shoulder while dumping locomotive waste tanks with an overweight dump hose at Amtrak's South Hampton Street Yard in Boston, Massachusetts. As a result of the incident, he sustained serious injuries to his right shoulder which required surgery.  Said injuries were caused by the negligence of Amtrak in that:

    1. They required to plaintiff to work with overweight dump hoses and couplers;
    2. They failed prove adequate access to the locomotives waste port;
    3. They failed to provide adequate tools and equipment for the job;
    4. They failed to properly warn the plaintiff of the dangerous condition;
    5. They failed to inspect the premises for dangers;
    6. They failed to provide the plaintiff with a safe place to work; and
    7. They were otherwise negligent or reckless.

5. As a result of the said accident, the plaintiff was made sick, sore and lame and has suffered great pain of body, anguish of mind and will so continue to suffer for an indeterminate period of time in the future; that prior to said accident, the plaintiff was a strong, able-bodied man, capable of earning and actually earning the wages of a sheet metal worker as an employee of the defendant; that as a result of the said accident, the plaintiff has been incapacitated and prevented from engaging in his employment and that the plaintiff will continue to be so incapacitated in the future; that the plaintiff has been and for some time in the future will be caused to incur expenses for doctors' and hospital services and for medicine in caring for the said injuries.

## COUNT II

1. The plaintiff is a resident of Boston, Massachusetts, and brings this action against the defendant, National Railroad Passenger Corporation, a railroad corporation duly established by law, pursuant to the provisions of 45 U.S.C.A., Section 301, et seq., and having its principal office at 400 North Capital Street, N.W., Washington, D.C., and having an usual place of business in Boston, Massachusetts for injuries suffered by him while in the employ of the defendant. This action is brought by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C.A., Section 51, et seq.

2. During all the times herein mentioned, the defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between the said Boston, Massachusetts and Washington, D.C; and, at the time the plaintiff received the injuries complained of, both he and the defendant were engaged in interstate commerce, within the meaning of the said Federal Employers' Liability Act.

3. On or about, April 6, 2017 the plaintiff was employed as a sheet metal worker by the defendant and was engaged in his duties for Amtrak in Boston, Massachusetts, which yard, tracks, rails, engines, trains, cars and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant, and as a result of the failure of the defendant, its agents, servants or employees, to use reasonable care to provide the plaintiff a safe place in which to work and to furnish him with safe and suitable tools, appliances and equipment, the plaintiff was injured.

4. On or about, April 6, 2017 the plaintiff injured his shoulder while dumping locomotive waste tanks with an overweight dump hose at Amtrak's South Hampton Street Yard in Boston, Massachusetts. As a result of the incident, he sustained serious injuries to his right shoulder which required surgery. Said injuries were caused by the failure of Amtrak to provide reasonably safe place to work and to furnish him with safe and suitable tools, appliances and equipment in that the plaintiff was required to use overweight dump hoses and couplers

with adequate access to the locomotives waste port.

5. As a result of the said accident, the plaintiff was made sick, sore and lame and has suffered great pain of body, anguish of mind and will so continue to suffer for an indeterminate period of time in the future; that prior to said accident, the plaintiff was a strong, able-bodied man, capable of earning and actually earning the wages of a sheet metal worker as an employee of the defendant; that as a result of the said accident, the plaintiff has been incapacitated and prevented from engaging in his employment and that the plaintiff will continue to be so incapacitated in the future; that the plaintiff has been and for some time in the future will be caused to incur expenses for doctors' and hospital services and for medicine in caring for the said injuries.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount FIVE HUNDRED THOUSAND DOLLARS $500,000.00. together with interest and costs and such other relief as this Honorable Court may deem necessary.

**PLAINTIFF RESERVES THE RIGHT TO A JURY TRIAL**

Francis Vinitsky
By his attorneys,

DATE: January 22, 2020

/s/ Christopher C. Naumes
Robert T. Naumes, BBO #:367660
Christopher C. Naumes, BBO #: 671701
NAUMES LAW GROUP, LLC
2 Granite Avenue, Suite 425
Milton, MA 02186
(617) 227 8444
Fed Bar No.: 09545
robert@Naumeslaw.com
christopher@naumeslaw.com
Attorneys for Plaintiff